23797

SOUTH CAROLINA NATIONAL BANK, Appellant v. FIRST UNION NATIONAL BANK, Respondent.

(427 S.E. (2d) 169)

Supreme Court

*Stanley H. McGuffin*, of *Hutcheson & Warren*, Columbia, *for appellant*.

*William T. Toal*, of *Johnson, Toal & Battiste, P.A.*, Columbia; *Edward T. Hinson, Jr.*, of *James, McElroy & Diehl, P.A.*; and *Barbara J. Hellenschmidt, First Union Corp. Legal Div.*, of Charlotte, NC, *for respondent*.

Heard March 11, 1992; Decided Feb. 1, 1993.

Reh. Den. March 10, 1993.

FINNEY, Justice:

This is a dispute between two banks over liability for uncollectible documentary drafts. We affirm.

The Seller of automobiles presented its bank, appellant South Carolina National Bank (SCN), with twelve documentary (or envelope) drafts signed by the Buyer of the cars. The evidence at trial showed that automobile dealers commonly use these drafts in transferring cars among themselves. The buyer signs a draft instead of a check and takes immediate possession of the car. The seller places title to the car in the signed envelope draft and deposits it in his bank. The draft is then forwarded to the bank designated by the buyer. The receiving bank then either forwards payment from the buyer's account to the seller's bank, or collects the payment from the buyer and forwards it to the seller's bank. The bank is a "payor bank" when the draft is paid in the first way and is a "collecting bank" when payment is made in the second manner. *Compare* S.C. Code Ann. § 36-4-105(b) (1976) *with* § 36-4-105(d) (1976).

In this case, SCN immediately credited its client's (Seller's) account for twelve drafts received between October 12 and October 17 and presented them to respondent First Union National Bank (First Union), Buyer's designated bank. When the drafts remained unsatisfied, SCN wrote a letter to First Union demanding payment. On November 8, First Union re-

turned the drafts unpaid. SCN then brought this action alleging First Union, as the payor bank,[1] was liable to it for amount lost on the drafts because it failed to pay or return the drafts within the time allowed. SCN now appeals from a jury verdict for First Union.

Unless there is a valid defense, a payor bank is accountable for the amount of a documentary draft presented to it if the draft is "properly payable, unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and the accompanying documents." S.C. Code Ann. § 36-4-302(b) (1976). To establish liability under this section, SCN must establish both that the drafts were not returned within the time allowed, and that they were properly payable. Properly payable means funds were available "for payment at the time of [First Union's] decision to pay or dishonor." S.C. Code Ann. § 36-4-104(1)(i) (1976).

On appeal, SCN first argues it was entitled to a directed verdict against First Union because the drafts were not returned within the time allowed. Alternatively, it argues the judge erroneously defined the time allowed in his jury charge. Regardless whether the charge was correct or whether SCN established an unreasonable delay in payment as a matter of law, the evidence is uncontroverted that at no time were any funds available from Buyer to honor the drafts and, accordingly, they were never properly payable *See Memphis Aero Corp. v. First American National Bank*, 647 S.W. (2d) 219 (Tenn. 1983). In light of this uncontroverted evidence, the trial judge should have directed a verdict in First Union's favor on the § 36-4-302(b) claim. There is no merit to either of SCN's claims.

SCN also contends the trial judge erred in directing a verdict for First Union on SCN's conversion claim. A conversion occurs under S.C. Code Ann. § 36-3-419(1)(b) (1976) when the "person to whom [the item] is delivered for payment refuses *on demand* either to pay or to return it . . ." (emphasis added). SCN contends that since the

---

[1] The trial judge ruled as a matter of law that First Union was a payor bank rather than a collecting bank. While the correctness of this ruling is questionable, we have decided the case on this theory since it is not challenged on appeal.

documentary drafts at issue here were accompanied by transmittal invoices containing the phrase "Do Not Hold After Maturity" and marked "Due: sight," First Union's failure to either pay or return the drafts on the day of presentment constitutes their conversion. SCN relies on Comment 2 to § 36-3-419 which provides "Demand for a return ... may, however, be made at time of delivery; or it may be implied under the circumstances or understood as a matter of custom."

On appeal, SCN contends the language in the transmittal letters constituted a demand for payment at time of delivery. Here, SCN's own evidence was that it "took a long time to receive payment back" from First Union, and that its computer system automatically generated a tracer when payment was not received from the payor bank after fifteen days. SCN's own evidence showed it did not consider its transmittal letter a demand for payment at time of delivery. The judge properly directed a verdict on the conversion claim.

First Union was entitled to a directed verdict on both claims brought by SCN. Accordingly, it is unnecessary to discuss the remaining issues and the appeal is

Affirmed.

HARWELL, C.J., CHANDLER and MOORE, JJ., and CURETON, Acting J., concur.